UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE PORTFOLIO RECOVERY ASSOCIATES, LLC, TELEPHONE CONSUMER PROTECTION ACT LITIGATION | Case No.:  11md02295 JAH - BGS<br><br>Member cases:<br>    All member cases<br><br>**ORDER GRANTING IN PART CLASS COUNSEL'S MOTION FOR ATTORNEYS FEES AND INCENTIVE AWARDS;AND GRANTING IN PART BARTLETT AND HARVEY'S MOTION FOR ATTORNEYS' FEES**<br> **[Doc. Nos. 427, 430]** |

Pending before the Court are Class Counsel's motion for attorneys' fees and costs and incentive payments (Doc. No. 427) and Plaintiffs Bartlett and Harvey's motion for attorneys' fees (Doc. No. 430).  After a thorough review of the parties' submissions and hearing oral argument, the Court GRANTS IN PART AND DENIES IN PART Class Counsel's motion for attorney's fees and costs, GRANTS the motion for incentive payments and GRANTS IN PART AND DENIES IN PART Plaintiff Bartlett and Harvey's motion for attorneys' fees.

1

# LEGAL STANDARD

Class Counsel and counsel for Bartlett and Harvey Plaintiffs seek an award of attorneys' fees and costs under Rule 23(h) of the Federal Rules of Civil Procedure. Under Rule 23(h), a court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement. In common fund cases, the district court has the discretion to award fees based upon either the percentage-of-the-fund or lodestar method. Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1047 (9th Cir. 2002). Whichever approach is used, the district court must find the award reasonable under the circumstances. Florida v. Dunne, 915 F.2d 542, 545 (9th Cir. 1990).

**I. National Plaintiffs**

**A. Attorneys' Fees and Costs**

**1. Fees**

Class Counsel seek an award of attorneys' fees based upon a percentage of the common fund. They seek 27% of the common fund, $4,860,000, and maintain an award above the 25% benchmark is warranted in this action.

The Ninth Circuit has identified a number of factors that may be relevant in determining if the award is reasonable: (1) the results achieved; (2) the risks of litigation; (3) the skill required and the quality of work; (4) the contingent nature of the fee; (5) the burdens carried by class counsel; and (6) the awards made in similar cases. See Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1048–50 (9th Cir.2002). An explanation is necessary when the district court departs from the "benchmark" of 25% of recovery. Powers v. Eichen, 229 F.3d 1249, 1258 (9th Cir.2000).

Class Counsel contend they achieved exceptional results as demonstrated by the $18 million award and substantial injunctive relief. They also maintain the contingent nature of the case and the risk taken by counsel support the award. Specifically, they maintain Defendants had a number of colorable defenses to class certification and summary judgment and trial, including the equipment used to make the calls were not automatic telephone dialing systems, or that the calls were manually dialed, or that the defendant had

prior express consent to call using an automated telephone dialing system. In addition, they contend there was a real risk that the Federal Commerce Commission ("FCC") would grant debt collection industry petitions, which might have provided a complete defense to Plaintiffs' claims.

Class Counsel also maintain the skill required and the quality of their work support the fee award requested. They further contend counsels' hourly rates are below those of other attorneys in the community performing similar work and are reasonable in light of their extensive experience.

Furthermore, they maintain the contingent fee and the financial burden support the fee requested. They contend all the firms involved in the litigation collectively expended over 5,500 hours, and advanced over $73,000 in various expenses, litigating this case over nearly six years on a contingency basis. Furthermore, they argue, no plaintiff would likely pay any attorney's hourly rate in a Telephone Consumer Protection Act ("TCPA") case if the potential recovery were limited to the damages allowed by the TCPA. As such, they maintain, this is not the type of case that an attorney would pursue unless he or she had a reasonable expectation that a fee enhancement would be approved. Counsel further contend awards made in similar cases support the fee sought and they cite to numerous cases in this district in which attorneys' fees of more than 25% were awarded.

They further argue a lodestar "cross-check" supports the requested fees. They maintain counsels' hourly rates are reasonable and consistent with prevailing rates in the San Diego Area and the number of hours are reasonable. They further maintain the factors of Kerr v. Screen Extras Guild, Inc., 526 F.2d 67 (9th Cir. 1957), support a multiplier of 1.56. Specifically, they assert the skilled and highly experienced attorneys obtained an excellent result in spite of the potential risks in getting a class certified and success on the merits, and the fees sought are consistent with the 20% - 33% awarded in other large class actions, including TCPA class actions. They further assert a multiplier is warranted due to the risk counsel took in prosecuting the case on a contingency basis, the significant delay

in being compensated for their efforts, and the significant costs in devoting so many hours over so many years to this case.

They also argue Plaintiffs' TCPA claim is an appropriate basis for an attorneys' fee award under California Code of Civil Procedure section 1021.5. They assert section 1021.5 authorizes a fee award where three elements are met: "(1) the action 'has resulted in the enforcement of an important right affecting the public interest,' (2) 'a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons,' and (3) 'the necessity and financial burden of private enforcement are such as to make the award appropriate.'" Motion at 23 citing Serrano v. Stefan Merli Plastering Co., Inc., 52 Cal. 4th 1018 (2011). They maintain this action can be characterized as a consumer protection action that is vital to the public interest. They further maintain they satisfy the substantial benefit factor based upon the fact the Ninth Circuit recently upheld the Court's preliminary injunction against PRA LLC. in Meyer v. Portfolio Recovery Associates, LLC, – F.3d –, 2012 WL 4840814 (9th Cir. Oct. 12, 2012), and the injunction protects a huge national class from further TCPA violations.

Additionally, they maintain Plaintiffs' individual stakes for this litigation are minimal, and the costs of litigation are high.

Objector Archie Blair asserts the fees are excessive. This Court disagrees.

The Court finds counsel has skillfully advanced this action on the class's behalf on a contingent-fee basis resulting in a settlement beneficially to the class. The Court further finds the circumstances of the action, including counsels' experience, results achieved, the risks undertaken by counsel, and efforts in defending injunctive relief on appeal, support an upward departure from the 25% benchmark. Accordingly, Class Counsel's motion for attorneys' fees is granted.

**2. Costs**

Class Counsel seek an award of costs of $73,187.13. They maintain the bulk of the expenses incurred in this litigation consists of computer and database experts and/or consultants, primarily used to analyze Defendants' records, and travel-related expenses.

Plaintiffs submit the declarations of counsel in support of their requests for reimbursement of costs. All declarations, with the exception of Joshua Swigart identify the costs for which they are seeking reimbursement. See Latturner Decl. ¶ 13; Preston Decl. ¶ 4; Campion Decl. ¶ 6; Parisi Decl. ¶ 10; Kazerouni Decl. ¶ 6 (Doc. Nos. 425-2 – 425-6). The Court finds these expenses are reasonable.

Mr. Swigart attests his records indicate he incurred $1231.40 in litigation costs but provides no information identifying those costs and supporting his request, which prevents this Court from determining whether they are costs to which he is entitled to reimbursement. Accordingly, the Court grants costs in the amount of $71,955.73.

**B. Incentive Payments**

Plaintiffs seek incentive payments of $6,250.00 for each of the six class representatives for a total of $37,500. Incentive awards are discretionary and "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action." Rodriguez v. West Publishing Corp., 563 F.3d 948, 958 (9th Cir. 2009).

They contend, in total, the awards are just over 0.20 percent of the $18 million common fund. They maintain the incentive payments do not undermine the class representative's adequacy in that the agreement does not condition the incentive award on Plaintiffs' support, nor has class counsel contracted to seek any particular incentive award for Plaintiffs. They further maintain their service to the class supports their incentive awards as they were at risk by coming forward to serve as proposed class representatives, they assisted counsel in preparing the case for filing and assisted in the litigation, they were required to review documents, prepare for and at times be on telephone standby for the settlement conference, and they will earn little for their efforts without these incentive payments.

The Court received no objections to the request for incentive awards.

This Court approves the incentive payments to compensate the class representatives for the burdens of their active involvement in the litigation and their effort on behalf of the class.

**II. Bartlett and Harvey**

The law firms representing Plaintiffs Bartlett and Harvey, Arcadier & Associates, P.A. and The Law Offices Sam Hill, P.A, seek an award of attorneys' fees in lodestar amounts of $124,647.68 for Arcadier and an undisclosed amount for Hill.[1]  In the alternative, they seek 1.4 percent of the total settlement or 4.6% of the proposed allocation of fees, 2.3% for each of the two joint co-counsel.[2]

An award of "attorneys' fees from a common fund depends on whether the attorneys' specific services benefited the fund—whether they tended to create, increase, protect or preserve the fund." Class Plaintiffs v. Jaffe & Schlesinger, P.A., 19 F.3d 1306, 1308 (9th Cir. 1994) (citing Lindy Bros. Builders, Inc. v. American Radiator, etc., 540 F.2d 102, 112 (3d Cir. 1976).

Plaintiffs maintain they did exhaustive work in developing the class claims, including elements of the final class definition filed by lead counsel, participated at all hearings when permitted, physically appeared at the Multi-District Litigation hearing in Savannah, Georgia which brought the group claims to California, physically appeared in San Diego for the initial appearance, had numerous conversations and agreements with Liaison counsel and Co-lead counsel concerning sub-classes and strategy for the case, represented Florida and Georgia class representatives and classes and protected their interests throughout the process, kept lead counsel and liaison counsel on "their toes" as to strategy, response, and settlement efforts, caused significant hours to be spent by Defendant

---

[1] The motion filed by counsel appears to be incomplete.  In many places in the motion, they place "_____" instead of amounts.

[2] National Plaintiffs originally filed an opposition to the motion for attorneys' fees but withdrew its opposition pursuant to the consent decree filed on January 4, 2017.

to respond to numerous and extensive filings concerning remand, appeal, sub-class treatment, and opposition motions which naturally helps reluctant defendants to be more apt to settlement, which all ultimately led to a benefit to all class members. Motion at 5.

They argue the amount of fees they seek is reasonable and the risk to both firms was significant. The firms maintain their work on the action benefitted the class. They maintain Arcadier advanced $3,710.18 in costs and Hill an undisclosed amount. Additionally, they maintain the time spent by both constituted significant strains on their respective small law firms, including being out of office to travel interstate on numerous occasions and to research extensive unique issues of law regarding multi district class actions. Arcadier and Hill contend their skills and quality of work are outstanding encompassing 50+ years of experience, including numerous awards and legal accolades.

Additionally, they contend the Court may look to the lodestar method to support the award of fees. They contend

> the current attorney fees of Arcadier and Associates, P.A. is 322.5 hours at a $375.00 rate totaling $120,937.50 plus out of pocket costs of $3,710.18. Similarly, the Law Offices of Sam Hill, LLC, using the lodestar approach has incurred attorneys fees of _____ hours, at a rate of $400.00 per hour, totaling $_____. Expenses for the Law Offices of Sam Hill are $_____.

Motion at 8. Ordinarily, the incomplete requests within the pleadings would lead to the denial of the requested relief. However, this Court is able to discern with little difficulty the work performed by Hill from the declarations and supporting exhibits.

This Court thoroughly reviewed the records of counsel. Counsel appears to seek reimbursement for all work performed in this matter, even action taken objecting to the settlement, as well as work performed solely for the benefit of Plaintiffs Bartlett and Harvey. These actions did not benefit the class and, in some instances, hindered the recovery for the class. The Court finds 142.35 hours spent by Arcadier working on the action is a reasonable amount of hours for work benefitting the class and 60.6 hours spent by Hill is a reasonable amount of hours for work benefitting the class. Based upon

Arcadier's hourly rate of $375, fees of $53,381.25 is reasonable. Based upon Hill's hourly rate of $400, fees of $23,720 is reasonable. Additionally, Arcadier is awarded costs of $1,558.87 and Hill is awarded $224.59 for costs.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED:

1. Class Counsel's motion for attorneys' fees and costs is **GRANTED IN PART AND DENIED IN PART**. Class Counsel are **GRANTED** attorneys' fees of $4,860,000 and $71,955.73 for expenses.

2. Class Counsel's motion for incentive payments is **GRANTED**. Each class representative is awarded $6,250 from the common fund.

3. Bartlett and Harvey's motion for attorneys' fees is **GRANTED IN PART AND DENIED IN PART**. Counsel for Bartlett is awarded $23,720 in attorney's fees and $224.59 for costs. Counsel for Harvey is awarded $53,381.25 for attorney's fees and $1,557.87 for costs.

DATED: January 23, 2017

_____
JOHN A. HOUSTON
United States District Judge